**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

YOLANDA S. GILL,

             Plaintiff,

    v.

JUDGE DOMINIQUE ROSS,
FORMER CHIEF JUDGE CHERYL
INGRAM, ATTORNEY MATTHEW
INGRAM, ATTORNEY ARTLETTE
PORTER, COOK COUNTY
GOVERNMENT

             Defendants.

No. 24-cv-12761

Judge John F. Kness

**MEMORANDUM OPINION AND ORDER**

In this action under Section 1983, Plaintiff Yolanda S. Gill alleges that the Illinois judge overseeing her divorce and child custody proceedings in state court has exhibited unconstitutional bias against her. Defendants now seek dismissal of the case based on a jurisdictional defect. As explained below, Defendants are correct that, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to hear Plaintiff's claims. Accordingly, the complaint must be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff's allegations concern the divorce and child custody proceedings between her and Defendant Matthew Ingram. Plaintiff alleges that Defendants Cheryl Ingram (another Illinois judge who, Plaintiff alleges, is mother of Matthew

Ingram) and Matthew Ingram coerced Plaintiff into agreeing to a divorce settlement agreement in 2007. (Id. ¶¶ 26–29.) Following the divorce of Plaintiff and Matthew Ingram, Plaintiff attempted several times over the following years to have Matthew Ingram's partial custody of Plaintiff's daughter revoked. (*Id.* ¶¶ 35–44.) Plaintiff alleges that her divorce and custody proceedings were transferred to Judge Dominique Ross at some point in either 2017 or 2018.

Plaintiff cites several events as evidence of Judge Ross's bias. Plaintiff alleges that she filed several motions alleging child abuse by Matthew Ingram (*Id.* ¶ 54), prompting an in-camera examination of Plaintiff's child where Judge Ross allegedly claimed to be a friend of then-Chief Judge Ingram. (Id. ¶ 56.) Plaintiff alleges that a motion for rule to show cause filed by Matthew Ingram was not properly served and was adjudicated against her in 2019. (*Id.* ¶ 70.) Plaintiff sought reconsideration of that ruling and ultimately prevailed. (*Id.* ¶¶ 72–73.) Plaintiff continued to file motions in state court seeking sole custody of Plaintiff's child, prompting Matthew Ingram (acting through counsel Arlette Porter) to renew the motion for rule to show cause. (*Id.* ¶¶ 79–80.) Judge Ross allowed visits between Matthew Ingram and Plaintiff's child to continue, which Plaintiff argues is inconsistent with Illinois law. (*Id.* ¶¶ 84–85.) Plaintiff sought to quash or dismiss Matthew Ingram's motion for a rule to show cause (*Id.* ¶ 88) but that motion went unheard by Judge Ross. (*Id.* ¶ 90.)

Plaintiff alleges that Judge Ross scheduled a January 2021 trial to determine custody. (*Id.* ¶ 98.) But the court continued the trial, "without proper cause," when a dispute about Plaintiff's expert witness arose. (*Id.* ¶¶ 100–05.) Trial resumed in April,

but because Plaintiff did not appear in person, Judge Ross dismissed the case for want of prosecution. (*Id.* ¶ 108.) Plaintiff appealed to the Appellate Court of Illinois and the Supreme Court of Illinois, but both appeals failed. (*Id.* ¶ 110–11.) According to Plaintiff, the case resumed in the trial court and, after several continuances, Judge Ross set the case again for trial in March 2023. (*Id.* ¶¶ 112–17.) But the state court *sua sponte* dismissed Plaintiff's petition to revoke Matthew Ingram's custody at the start of trial and scheduled a hearing on Plaintiff's motion to quash. (*Id.* ¶¶ 118, ¶20.)

Plaintiff opposed Matthew Ingram's second rule to show cause motion on the basis of improper service. (*Id.* ¶¶ 119–21.) According to Plaintiff, Judge Ross forced Plaintiff to accept improper service in open court. (*Id.* ¶ 123.) Plaintiff filed a motion for reconsideration of that ruling and prevailed on the improper service of process argument. (*Id.* ¶ 127.) In response, Matthew Ingram filed his own motion for reconsideration, which ultimately prevailed. (*Id.* ¶ 132.) Judge Ross held Plaintiff in contempt and ordered Plaintiff to pay Matthew Ingram's legal fees. (*Id.* ¶ 133.) Plaintiff again filed a motion for reconsideration, which Judge Ross denied. (*Id.* ¶¶ 133–38.) At last report, the case remained ongoing before the state court. (*Id.* ¶ 174.)

Plaintiff brings two claims under 42 U.S.C. § 1983 asserting violations of Plaintiff's Fifth and Fourteenth Amendment rights. (Dkt. 7 at 16–21.) Plaintiff alleges that Defendants (Chief Judge Ingram, Matthew Ingram, and counsel Arlette Porter) conspired to have Judge Ross preside over the custody proceedings involving the Plaintiff and Matthew Ingram. (*Id.* at 17.) According to Plaintiff, the proceedings before Judge Ross were unconstitutionally biased in favor of the Defendants. (*Id.* at

3

16–21.) Defendants (except for Judge Ross, whose status is addressed below in footnote 1) have moved to dismiss contending that Plaintiff lacks standing and fails to state a claim on which relief may be granted. (Dkt. 30; 33; 35.)

## II. STANDARD OF REVIEW

A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's jurisdiction to hear a case. Courts must accept the well pleaded factual allegations of the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014.) But the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Id.* at 588–89. When motions under Rule 12(b)(1) and Rule 12(b)(6) are presented together, courts should consider the Rule 12(b)(1) motion first. *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

## III. DISCUSSION

Defendants raise myriad arguments in their motions to dismiss, including lack of standing, judicial immunity, expiration of the statute of limitations, and failure to state a claim. (Dkt. 30; 33; 35.) Plaintiff does not fully respond to all of these arguments, nor do Defendants fully explain all of their asserted grounds for dismissal. (Dkt. 30; 33; 35; 38; 39; 40.) Those issues aside, courts are obliged to consider jurisdiction on their own and cannot allow an action to proceed if subject matter jurisdiction is lacking. *See Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1182–83 (7th Cir. 1989). In that vein, and as explained as follows, the Court holds

that it lacks jurisdiction to hear Plaintiff's claim under the *Rooker-Feldman* doctrine despite that no Defendant raised that issue.[1]

### A. Jurisdiction is Lacking Under *Rooker-Feldman*

A federal court's jurisdiction to hear claims arising out of state court proceedings is limited by the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, a party that loses in state court is prohibited from seeking review of a state court's judgment in federal court. *Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2001). *Rooker-Feldman* serves as a jurisdictional bar that prohibits federal district courts from exercising appellate authority over state courts. *Sykes v. Cook County Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016). No matter "how wrong a state court judgment may be," only the Supreme Court of the United States has appellate jurisdiction over state courts in civil actions. *Id.* at 742.

*Rooker-Feldman* applies to cases where a state court loser invites district court "review and rejection" of a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Claims that directly challenge or are inextricably linked to a state court judgment may not be brought in federal court. *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019). A claim is inextricably linked if it is caused by a state court judgment. *Sykes*, 837 F.3d at 742.

---

[1] Judge Ross has neither appeared in this action nor filed a motion to dismiss; it is not clear why no party has addressed that issue. But the reasoning of this opinion applies equally to the claims against Judge Ross. *Rooker-Feldman* prohibits federal jurisdiction over all claims, rather than specific defendants, that invite review and rejection of state court judgments. *See Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). Plaintiff's claims against Judge Ross must therefore also be dismissed.

For *Rooker-Feldman* to apply, a plaintiff must have had a reasonable opportunity to be heard in the state court. *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). This inquiry focuses on the rules and procedures of the state court, rather than obstacles caused by opposing parties. *Id.* *Rooker-Feldman* will not apply where a plaintiff shows that state law precluded them from bringing their claims in state court. *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004).

Challenges to state court divorce and child custody proceedings are often preempted by the *Rooker-Feldman* doctrine. In *Hadzi-Tanovic v. Johnson*, for example, the Seventh Circuit addressed circumstances nearly identical to those here and concluded that *Rooker-Feldman* foreclosed the exercise of federal jurisdiction. 62 F.4th 394 (7th Cir. 2023). In *Hadzi-Tanovic*, the plaintiff filed a Section 1983 action in federal court alleging that the state court judge presiding over her divorce and custody proceedings conspired with other defendants to interfere with her parental rights, resulting in an unconstitutionally biased state court proceeding. *Id.* at 397– 98. But the Seventh Circuit explained that, because the federal court would need to review the state court's judgment to determine whether the judgment was wrong at all, much less whether it was the product of bias, the plaintiff's claim necessarily required review and rejection of a state court judgment. *Id.* at 404-05. On that view, the Seventh Circuit held that the plaintiff's federal claim was *caused* by the state court judgment. *Id.*

6

*Rooker-Feldman* applies to both interlocutory and final state court orders. As *Hadzi-Tanovic* explained, *Rooker-Feldman* also applies to state court interlocutory orders entered before final judgment. *Id.* at 405. (citing *Sykes*, 837 F.3d at 742). Even when a plaintiff brings claims premised on both final judgments and interlocutory orders, therefore, *Rooker-Feldman* bars a district court from exercising jurisdiction over claims arising out of state court rulings. *See id.*

As informed by *Hadzi-Tanovic*, it is apparent that jurisdiction over Plaintiff's claims is lacking here under *Rooker-Feldman*. As did *Hadzi-Tanovic's* complainant, Plaintiff here alleges that a state judge violated her Fifth and Fourteenth amendment rights by exhibiting bias against Plaintiff in child custody and divorce proceedings. (Dkt. 7 at 16–21.) As in *Hadzi-Tanovic*, a judgment in Plaintiff's favor would require the Court to review and reject the state court's findings of fact and law: something that *Rooker-Feldman* explicitly prohibits. *Hadzi-Tanovic*, 62 F.4th at 404–05.

It is of no moment that the state court litigation may still be ongoing. Although the *Rooker-Feldman* doctrine generally applies to final state court orders, the Seventh Circuit has explained that interlocutory orders are also subject to the jurisdiction-stripping command of *Rooker-Feldman*. *Hadzi-Tanovic*, 62 F.4th at 405 (citing *Sykes*, 837 F.3d at 742). As a result, whether Plaintiff's claims are based on final or interlocutory state court judgments, this Court must not purport to assume jurisdiction over Plaintiff's state-court-based dispute. *See id.*

Finally, any suggestion that Plaintiff has not had a meaningful opportunity to be heard in state court is belied by Plaintiff's own allegations. Plaintiff's complaint

7

specifically states she has taken appeals to the Appellate Court of Illinois and the Supreme Court of Illinois. (Dkt. 7 ¶¶ 110–11.) Plaintiff has also filed several motions for reconsideration that have been extensively litigated, and Plaintiff has prevailed in some of these efforts. (*Id.* ¶¶ 44, 72, 125, 135.) And as in *Hadzi-Tanovic*, Plaintiff has not argued that state law or procedure prevented a hearing on these matters in state court. *See* Dkt. 7; *Hadzi-Tanovic*, 62 F.4th at 408. Accordingly, the Court must, consistent with *Rooker-Feldman*, decline Plaintiff's invitation to review the state court's judgments. *Id.* Plaintiff's complaint is therefore dismissed without prejudice for lack of jurisdiction.

## IV. CONCLUSION

Defendants' motions to dismiss are granted, and the complaint is dismissed without prejudice.

SO ORDERED in No. 24-cv-12761.

Date: March 20, 2026

JOHN F. KNESS
United States District Judge

8